TALIAFERRO, Judge
(dissents, and gives the following .reasons therefor).
Admissibility of the Coca-Cola carton involved in this case was objected to by defendants for lack of identity. The objection was overruled. The point is re-urged here but not passed upon.
Soon after the accident someone in the store brought to the office of Mr. John W. Adams, the store manager, made defendant herein, a carton containing five full bottles of Coca-Cola and one empty pocket. The carton was left with Adams and remained in his custody until brought to Court the date of trial below. Assuming that this is the carton ‘from which the bottle fell, the testimony of Adams is all we have concerning its condition when the aoddent occurred. Mrs. Young admitted that she did. not know whether or not the carton was ■damaged when the bottle fell from it, and if so, to what extent. Adams testified' as follows on the subject, vis :
“Q. At the' time you first saw it, was it tom or mutilated in any way ? A. It had begun to tear on the corner on the .opposite side; of course, I couldn’t say on the side from which the Coca-Cola dropped out, but it was tom.
“Q. One side of it'was torn, is that correct ? A. It was torn I would say -a quarter of an inch on the side on each side, not on each side — but on each end of one side.
“Q. ■ When you first saw the carton were there any Coca-Colas left in it at all ? A. I don’t remember — I couldn’t say.
“Q. Where was the carton when you first saw it? A. I believe it was brought to my office — I’m not sure that I saw it on the floor.”
It is my opinion that the existence of a rent or tear of one-fourth of an inch at the ends of the carton does not 'amount to negligence; and that such a condition would *370 not be conducive to a bottle falling out of the carton unless it was allowed, when picked up, to attain an uneven or unbalanced position. Mrs. Young lifted the carton with 'her left hand, palm up, and this made it entirely possible for her to have handled it in such way that the bottle fell.
The weakness of the evidence offered to prove negligence on the part of the defendants is so obvious that I believe we would not be warranted in predicating a judgment thereon.